## STATE v. COTTER.

No. 31055. April 4, 1944.

*147 P. 2d 459.*

William W. Grigsby, Co. Atty. of Grady County, and T. H. Williams, Jr., of Chickasha, for plaintiff in error.

Ben Goff, of Chickasha, for defendant in error.

CORN, C. J. This is an appeal from the county court of Grady county prosecuted by the county attorney in the name of the State of Oklahoma. The facts of the case are briefly as follows:

G. Cotter, charged with unlawful possession of intoxicating liquor in four

cases, entered a plea of guilty and was sentenced by the county court to pay a fine and serve a jail sentence in each case. Having served the time, the defendant gave a stay bond with sureties as provided by the statute, conditioned that he would pay the fines within 30 days after the expiration of his jail sentence. Shortly before the expiration of the 30-day stay period, the defendant was arrested by the city police of Chickasha on another alleged violation of the prohibitory liquor laws, but was turned over to the federal authorities on a prior conviction. He was placed in the county jail of Grady county by the federal officer and held several days pending his transfer to the Federal Reformatory at El Reno, Okla. The fines and costs were not paid and the county court entered an order forfeiting the stay bonds. The sureties on the stay bonds filed a motion to vacate the order. The county judge disqualified, and a special judge was selected to hear the motion. This hearing resulted in an order vacating the former order of the court forfeiting the bonds.

The statutory provision for stay bonds is found in 39 O.S.A. §§ 532, 533, which read as follows:

"532. Upon conviction, or plea of guilty of misdemeanor, the defendant may stay the collection of the fine by giving good and sufficient bond, with two or more sureties to be approved by the court, conditioned that the defendant will pay the fine and costs within 30 days from the date of the judgment: Provided, That if the defendant is sentenced to pay a fine and be imprisoned, the bond shall be conditioned to pay the fine and costs within 30 days after the end of the term of imprisonment. The court shall require the sureties on the stay bond to justify as in other cases.

"533. If the defendant, on conviction, or plea of guilty to a misdemeanor, fails to pay or secure the fine and costs, as before provided, or if after staying it he shall fail to pay, he shall be committed until he shall have served out the amount thereof. All prisoners confined to jail on conviction, or plea of guilty, shall be compelled to work on the public streets of the town where they are con-fined, or on the highways in the county, at the rate per day fixed for imprisonment."

We have not been cited to any authority by either party in this case granting power of the court to forfeit a stay bond, and the forfeiture thereof is not a necessary prerequisite to liability thereon. We therefore hold the order of the court forfeiting said bond was surplusage and the order of the court vacating the same is not an appealable order. The case is therefore dismissed.